1

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
2  Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
3  Walnut Creek, CA  94596
Telephone: (925) 300-4455
4  Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
5         ykrivoshey@bursor.com

6  **BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
7  2665 S. Bayshore Dr., Suite 220
Miami, FL  33133
8  Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
9  E-Mail: scott@bursor.com

10  *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN CARISI, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| EVENTS AND ADVENTURES CALIFORNIA and ADVENTURES NORTHWEST, INC. | |
| Defendants. | |

CLASS ACTION COMPLAINT

Plaintiff Ian Carisi ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendants Events and Adventures California and Adventures Northwest, Inc. ("Defendants").  Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## FACTS COMMON TO ALL CAUSES OF ACTION

1.      Defendants Events and Adventures California and Adventures Northwest, Inc. have made the unconscionable decision to keep charging its tens of thousands of customers monthly membership fees while cancelling 100 percent of their in-person "events and adventures" as the novel coronavirus, COVID-19, rages throughout the world and the United States economy has gone into a deep recession.

2.      Defendants operate a members-only "singles" event company that hosts and organizes *in person* events for singles looking to meet other singles *in person* through group outings - such as, *e.g.*, white water rafting or wine tasting.  Both Defendants do business as "Events and Adventures."  As the d/b/a implies, the entire premise of Events and Adventures is to host events where members can meet *in person*, as opposed to other singles meet-up services that connect members virtually.  For instance, before Defendants cancelled all of their in person events, the main page of Defendants' website summed up their business as follows:

> **Get Out.  Have Fun.  Meet Someone!**
>
> ***Meet a Community of Dynamic Singles and Get Together for Group Social Events***
>
> ***We're an invitation-only social club for singles like you that want to live life to the fullest.  Why stay home or chance online matchups when you can join Events & Adventures?***
>
> In a group, there's no pressure, everyone relaxes, and you can be yourself. Each month is packed with over 30 great events of all kinds – from casual hangouts to local adventures to world travel.
>
> ***We meet all our prospective members in person***, and becoming a member is very simple.  ***First***, just fill out the form!  ***Next***, you'll schedule a time to

***meet us at our local office*** and learn more about the club.  After we meet with you in person, you can become a member and start enjoying events![1]

3.      When prospective members wanted to proceed with an application, Defendants' website reinforced that the sole purpose of signing up was to meet people in person, stating:

> Don't spend another weekend on the couch with Netflix or commenting on your friends' social media posts.  It's a New Year! New friends!  Make your 2020 New Year's resolution to join Events & Adventures!  We are an invitation-only club of people like you spending time together and having fun.  Let Events & Adventures do all the work for you.  Make 2020 the year you get out, have fun, and maybe mee that special someone![2]

4.      Defendants' public facing advertising, such as its website, was filled with pictures of purported members outside or in social outings.

5.      Defendant Adventures Northwest, Inc., d/b/a Events and Adventures operates in 12 cities nationwide, including in San Francisco, CA.  Defendant Events and Adventures California is the California subsidiary of Defendant Adventures Northwest, Inc., also d/b/a as Events and Adventures operates in California.  Although separate entities on paper, the two entities operate as one, as Defendant Events and Adventures California is the agent of Adventures Northwest, Inc. and both Defendants are alter egos of one another, even doing business under one name – Events and Adventures.  Defendant Adventures Northwest, Inc. has enforced the decision for its alter egos and subsidiaries, including Defendant Events and Adventures California, to continue charging its members monthly fees even though Defendants have cancelled all in person events.

6.      To become a member at Events and Adventures and partake in their events, customers are required to sign up for a contract for a set period of time either to be paid in full at the time of activation or to be paid monthly.  Prospective members are forced to provide Defendants with their credit card, debit card, or bank account information such that Defendants can and do charge members automatically at set times every month.  Monthly fees are significant, and can reach nearly $200 per month.

7.      Beginning in the middle of March, 2020, cities and states around the country started issuing "shelter in place" orders, effectively barring Defendants from hosting any in person events.

---

[1] *See* Exhibit 1.
[2] *See* Exhibit 2.

For instance, California issued a state-wide shelter in place order on March 19, 2020, meaning that Defendants could not host any events for California members.[3]  However, Defendants continued charging their tens of thousands of members monthly fees – at full price.  Defendants are able to unilaterally charge its tens of thousands of customers monthly fees without their consent, as it is in possession of its customers' debit card, credit card, or bank information.  Thus, Defendants have made the deliberate decision to bilk their customers out of millions of dollars while not providing the sole services its members signed up and contracted to pay for – in person events.  For instance, Defendants claim to have 40,000 members nationwide.  Plaintiff's monthly dues are $170.00 per month.  At that rate, Defendants will have fraudulently scammed its customers out of roughly $6.8 million per month while not providing its customers with the sole reason they signed up for membership – to attend in person events.

8.     Plaintiff seeks relief in this action individually, and on behalf of all of Defendants' customers nationwide that have paid or were charged fees while Defendants were not hosting in person events in the customers' area for Defendants' violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*, for breach of express warranties, negligent misrepresentation, fraud, unjust enrichment, money had and received, conversion, and breach of contract.

## PARTIES

9.     Plaintiff Ian Carisi is a citizen of California, residing in Hayward.  Mr. Carisi is a current member of Events and Adventures, paying $170.00 per month.  Since the middle of March 2020, Defendants have not made available any in person events in California.  However, Defendants have continued charging Plaintiff electronically, and, upon inquiry, have communicated to Plaintiff that Defendants will bill Plaintiff again for the month of April.  Further, Defendants have not refunded Plaintiff any part of his monthly fee for the duration of time that Defendants have not made any in person events available.  Plaintiff signed up for Defendants'

---

[3] See https://www.kqed.org/science/1959566/california-gov-gavin-newsom-orders-state-to-shelter-in-place (last accessed 4/2/2020).

membership with the belief and on the basis that he would have access to in person events hosted

by Events and Adventures. Indeed, the contract Plaintiff and Defendant Events and Adventures

California executed on December 27, 2019, which, on information and belief, contains the same

relevant material terms as all of Defendants' contracts with its customers nationwide, states:

> E&A will make available to you, as a Member of E&A, a minimum of fifteen (15) activities or event each month provided you continue to pay your Monthly Dues and remain eligible. Events will be announced in our newsletter or by other means and materials. You will generally have a chance to sign up for these activities or events on a first come, first served basis. You understand that not all events and activities will always have enough openings for all Members who wish to take part. The selection of activities sponsored by E&A shall be made by E&A, at its' sole discretion. You understand that some events require that you pay additional costs to partake in certain activities, either in advance at the time you register for the activity, or upon arrival at the event. You pay market price (often with market based discounts) to attend most events.
> …
> … Payment of dues entitles you to notification of upcoming events and attendance rights at events per your membership.

As discussed above, Defendants did not provide Plaintiff with access or ability to attend any in

person events once "shelter in place" orders were issued, and, further, Defendants have continued

billing Plaintiff and have not issued a refund.

10.     Plaintiff would not have paid for the membership, or would not have paid for it on

the same terms, had he known that he would not have access to any of Defendants' in person

events and activities. Plaintiff continues to face imminent harm, as Defendants continue charging

their customers monthly fees while not hosting in person events.

11.     Defendant Events and Adventures California is a California corporation, that lists its

entity address in Gilbert, Arizona on the California Secretary of State's website. However,

Defendant Events and Adventures California and Adventures Northwest, Inc. are headquartered in

Washington State. Defendant Events and Adventures California entered into the contract with

Plaintiff for the provision of in person events, and has continued charging Plaintiff and refused to

issue refunds despite the fact that it has not been providing in person events during the COVID-19

outbreak.

---

12.     Defendant Adventures Northwest, Inc. is a Washington corporation, that lists its entity address on the Washington Secretary of State's website at the same address in Gilbert, Arizona as Defendant Events and Adventures California.  However, like Defendant Events and Adventures California, Defendant Adventures Northwest, Inc. is headquartered in Washington State.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendants.

14.     This Court has general jurisdiction over Defendants because they conduct substantial business within California such that Defendants have significant, continuous, and pervasive contacts with the State of California.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the challenged fee practices have been committed in this District, and because Plaintiff resides and suffered the alleged harm in this District.

## CLASS REPRESENTATION ALLEGATIONS

16.     Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who were charged fees for a period in which Defendants did not provide in person events.

17.     Plaintiff also seek to represent a subclass defined as all members of the Class who are California residents (the "California Subclass").

18.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

19.     Excluded from the Class are the Defendants, the officers and directors of the Defendants at all relevant times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

20.     Plaintiff is a member of the Class and California Subclass he seeks to represent.

21.     Defendants have thousands of customers nationwide that have paid or were charged fees while Defendants did not host any in person events.  Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

22.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to whether Defendants has breached their contract with their customers and whether their actions are fraudulent and unlawful.

23.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading advertising and was charged membership fees despite not having access to any in person events or activities, and suffered losses as a result.

24.     Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seek to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

25.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases

the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**Violation of California's Consumers Legal Remedies Act,**
**California Civil Code §§ 1750, *et seq.***
**(Injunctive Relief Only)**

26.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

27.    Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendants.

28.    Plaintiff and Class members are consumers who paid fees to attend Defendants' events for personal, family or household purposes.  Plaintiff and the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d).

29.    Defendants' provision of in person events that Plaintiff and Class members paid for was a "service" within the meaning of Cal. Civ. Code § 1761(b).

30.    Defendants' actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of services to consumers.

31.    Defendants' advertising that its customers would be able to attend in person events upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact stopped providing in person events while continuing to charge its customers the full price of membership.

32.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(5) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular characteristics, benefits and quantities of the services.

33.     Cal. Civ. Code § 1770(a)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(7) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants misrepresent the particular standard, quality or grade of the services.

34.     Cal. Civ. Code § 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendants violated and continues to violate Section 1770(a)(9), because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that Defendants advertised services with the intent not to sell the services as advertised.

35.     Plaintiff and the Class acted reasonably when they purchased Defendants' membership on the belief that Defendants' representations were true and lawful.

36.     Plaintiff and the Class suffered injuries caused by Defendants because (a) they would not have purchased or paid for Defendants' memberships absent Defendants' representations and omission of a warning that they would continue charging customers while all in person events were unavailable; (b) they would not have purchased memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for

Defendants' membership based on Defendants' misrepresentations and omissions; and (d) Defendants' memberships did not have the characteristics, benefits, or quantities as promised.

37.     Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendants' violations of the CLRA.  Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a).  If Defendants fail to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for damages as permitted by Civil Code § 1782(d).

38.     Wherefore, Plaintiff seeks injunctive and equitable relief for these violations of the CLRA.

**COUNT II**
**Violation of California's Unfair Competition Law,**
**California Business & Professions Code §§ 17200, *et seq.***

39.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

40.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of members of the proposed California Subclass against Defendants.

41.     Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

42.     Defendants' advertising that its customers would be able to attend in person events upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact stopped providing in person events while continuing to charge its customers the full price of membership.

43.     Defendants' business practices, described herein, violated the "unlawful" prong of the UCL by violating the CLRA and the FAL and other applicable law as described herein.

44.     Defendants' business practices, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.  Defendants' advertising and their charging of membership fees while in person events are not available is of no benefit to consumers.

45.     Defendants violated the fraudulent prong of the UCL by misleading Plaintiff and the Class to believe that they would only be charged fees when they would have access to Defendants' in person events.

46.     Plaintiff and the Class acted reasonably when they signed up for memberships based on the belief that they would only be charged fees when Defendants offer in person events.

47.     Plaintiff and the Class lost money or property as a result of Defendants' UCL violations because (a) they would not have purchased or paid for Defendants' memberships absent Defendants' representations and omission of a warning that they would continue charging customers while all in person events were unavailable; (b) they would not have purchased memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' membership based on Defendants' misrepresentations and omissions; and (d) Defendants' memberships did not have the characteristics, benefits, or quantities as promised.

**COUNT III**
**Violation of California's False Advertising Law,**
**California Business & Professions Code §§ 17500, *et seq*.**

48.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

49.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

50.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated

before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

51.     Defendants engaged in a scheme of charging customers full monthly membership fees while they did not provide in person events.  Defendants' advertising and marketing of its services misrepresented and/or omitted the true content and nature of Defendants' services. Defendants' advertisements and inducements were made in California and nationwide and come within the definition of advertising as contained in Bus. & Prof. Code § 17500, *et seq.* in that the promotional materials were intended as inducements to purchase memberships, and are statements disseminated by Defendants to Plaintiff and Class members.  Defendants knew that these statements were unauthorized, inaccurate, and misleading.

52.     Defendants' advertising that its customers would be able to attend in person events upon paying a membership fee is false and misleading to a reasonable consumer, including Plaintiff, because Defendants in fact stopped providing in person events while continuing to charge its customers the full price of membership.

53.     Defendants violated § 17500, *et seq*. by misleading Plaintiffs and the Class to believe that they would be charged fees only when they have access to Defendants' in person events.

54.     Defendants knew or should have known, through the exercise of reasonable care that its advertising of charging members fees for the provision of in person events is false and misleading.  Further, Defendants knew or should have known that it was breaching its contracts with its customers and fraudulently charging fees when it continued charging fees while not providing in person events.

55.     Plaintiff and the Class lost money or property as a result of Defendants' FAL violation because (a) they would not have purchased or paid for Defendants' memberships absent

Defendants' representations and omission of a warning that they would continue charging customers while all in person events were unavailable; (b) they would not have purchased memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' membership based on Defendants' misrepresentations and omissions; and (d) Defendants' memberships did not have the characteristics, benefits, or quantities as promised.

## COUNT IV
### Breach of Express Warranty

56.     Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

57.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

58.     In connection with the sale of memberships, Defendants issue an express warranty that members will have access to in person events.

59.     Defendants' affirmation of fact and promise in Defendants' marketing, contracts, and signage became part of the basis of the bargain between Defendants and Plaintiff and Class members, thereby creating express warranties that the services would conform to Defendants' affirmation of fact, representations, promise, and description.

60.     Defendants breached their express warranty because Defendants continued charging members full price while not providing in person events.

61.     Plaintiff and the Class members were injured as a direct and proximate result of Defendants' breach because: (a) they would not have purchased or paid for Defendants' memberships absent Defendants' representations and omission of a warning that they would continue charging customers while all in person events were unavailable; (b) they would not have purchased memberships on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' membership based on Defendants' misrepresentations

and omissions; and (d) Defendants' memberships did not have the characteristics, benefits, or quantities as promised.

**COUNT V**
**Negligent Misrepresentation**

62.     Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

63.     Plaintiff bring this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

64.     As discussed above, Defendants misrepresented that they would provide in person events to members.  However, Defendants in fact charged full price for monthly memberships even when it did not provide any in person events.

65.     At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

66.     At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about its memberships and services.

67.     The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Defendants' memberships.

68.     Plaintiff and Class members would not have purchased Defendants' memberships, or would not have purchased the services on the same terms, if the true facts had been known.

69.     The negligent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

**COUNT VI**
**Fraud**

70.     Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

71. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

72. As discussed above, Defendants misrepresented that they would provide in person events. However, Defendants in fact charged full price for monthly memberships even though they provided no in person events. These misrepresentations and omissions were made with knowledge of their falsehood.

73. The misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended and actually induced Plaintiff and Class members to buy Defendants' memberships.

74. The fraudulent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VII
### Unjust Enrichment

75. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

76. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants. Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

77. Plaintiff and members of the Class conferred benefits on Defendants by paying, and being charged, membership fees while Defendants did not provide any in person events.

78. Defendants have knowledge of such benefits.

79. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' membership fees. Retention of those moneys under these circumstances is unjust and inequitable because Defendants are charging its customers full price while not providing any in person events. These misrepresentations and charges caused injuries to Plaintiffs and members of the Class because they would not have paid Defendants' membership fees had the true facts been known.

80.     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## COUNT VIII
**Money Had and Received**

81.     Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

82.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

83.     Defendants received money in the form of membership fees that was intended to be used for the benefit of Plaintiff and the Class, those membership fees were not used for the benefit of Plaintiff and the Class, and Defendants have not given back or refunded the wrongfully obtained money and membership fees to Plaintiff and the Class.

84.     Defendants obtained money in the form of membership fees that was intended to be used to provide access to in person events to Plaintiff and the Class.  However, Defendants have retained all of the membership fees while not providing any in person events.

## COUNT IX
**Conversion**

85.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

86.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

87.     Plaintiff and members of the Class had a right to retain their membership fees while Defendants did not provide access to in person events; Defendants intentionally charged Plaintiff's and Class members' debit and credit cards in the full amount of the monthly membership fees while Defendants did not offer in person events; Plaintiff and Class members did not consent to

Defendants' charging of their debit and credit cards while Defendants did not provide access to in person events; Plaintiff and Class members were harmed through Defendants' charging of their debit and credit cards; Defendants' conduct was a substantial factor in causing Plaintiff and Class members' harm.

## COUNT X
### Breach of Contract

88.     Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

89.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.  Plaintiff also brings this claim individually and on behalf of the members of the proposed California Subclass against Defendants.

90.     Defendants entered into contracts with Plaintiff and Class members to provide access to in person events in exchange for the payment of membership fees.  Defendants have breached these contracts by continuing to charge Plaintiff and Class members' debit and credit cards while not providing access to in person events.  Plaintiff and Class members have suffered an injury through the payment of membership fees while not having access to in person events.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a)  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b)  For an order certifying the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the California Subclass and Plaintiff's attorneys as Class Counsel to represent the California Subclass members;

c)  For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

d) For an order finding in favor of Plaintiff, the Class, and the California Subclass, on all counts asserted herein;

e) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f) For prejudgment interest on all amounts awarded;

g) For an order of restitution and all other forms of equitable monetary relief;

h) For injunctive relief as pleaded or as the Court may deem proper; and

i) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff demands a trial by jury of all issues so triable.

Dated:  April 2, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  */s/ Yeremey Krivoshey*
Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Yeremey Krivoshey (State Bar No. 295032)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL  33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Ian Carisi, declare as follows:

1.     I am a plaintiff in this action.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.     The complaint filed in this action is filed in the proper place because Defendant Events and Adventures California is a California company and operates its events business in this District.  Further, I paid and was charged membership fees by Defendant in this District.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on April 2, 2020 in Hayward, CA.

_____

Ian Carisi

**EXHIBIT 1**



https://www.eventsandadventures.com/    [Go]

**1,041 captures**
9 Apr 1997 - 17 Mar 2020

DEC **MAR** APR
◀ **17** ▶
**2019** **2020** 2021

About this capture

☰            Tap To Call 📞





## Meet a Community of Dynamic Singles and Get Together for Group Social Events

### We're an invitation-only social club for singles like you that want to live life to the fullest. Why stay home or chance online matchups when you can join Events & Adventures?

In a group, there's no pressure, everyone relaxes, and you can be yourself. Each month is packed with over 30 great events of all kinds—from casual hangouts to local adventures to world travel.



https://www.eventsandadventures.com/   Go   DEC **MAR** APR

◀ **17** ▶

**2019** **2020** 2021

▼ About this capture

1,041 captures
9 Apr 1997 - 17 Mar 2020

***meet us at our local office*** and learn more about the club. After we meet with you in person, you can become a member and start enjoying events!

***Please note***: you must be single and over 21 years of age to become a member of Events & Adventures. If you are married, you must wait until you have filed for divorce to become a member.

# GET STARTED

to join over 40,000 singles meeting in 12 cities

First Name *

Last Name *

Email *

Phone *

**Home Club** *

- CHOOSE YOUR CITY -                                              ▾

SUBMIT

We meet all prospective members in person to let us get to know each other, and promote quality, safety & comfort for everyone.

https://www.eventsandadventures.com/   Go   DEC **MAR** APR

◀ **17** ▶

**2019** **2020** 2021

1,041 captures

9 Apr 1997 - 17 Mar 2020   About this capture



**What to Expect as a Member of Events and Adventures**

Includes pictures of members at events!

---

*This was a great event!! Lunch, music and unlimited wine were all provided in the cost of the ticket. It was a small select gathering and we all got to stomp grapes. The winery was beautiful and everyone was so helpful. Should definitely do this one again.*

**Dorie in San Francisco**

Grape Stomp at Madrigal Vineyards

*Friday bowling at revs was my first event. I had a blast. I found everyone was very approachable and AMBREA was like an instant friend.*

**Shelley in Vancouver**

Cosmic Bowling at Revs

https://www.eventsandadventures.com/    Go

1,041 captures
9 Apr 1997 - 17 Mar 2020

DEC   **MAR**   APR
◀   **17**   ▶
2019   **2020**   2021

About this capture

# It's Time to Save the Date

Choose the events that you want to attend from a packed calendar of fun outings. Whatever you like, we have your event.

.



https://www.eventsandadventures.com/          Go

1,041 captures
9 Apr 1997 - 17 Mar 2020

DEC   MAR   APR
◀  17  ▶
2019   2020   2021

About this capture



## *Cirque du Soleil "Amaluna"*

### Wed, Dec 18, 2013 | Mark.Owen

It's time for a moment of truth. While I know that there are many fans and it is generally loved, I'm not a lover of Cirque.  The production values are great and the music always fun and wonderful, but it's never thrilled me. Thankfully, I was able to see it ...

### READ THE REST >>



## *4 Secrets to Meeting Someone*

Our events are designed to make it easy to meet someone. No awkward one-on-one pressure, no games. Learn the 4 secrets.

## *Metro Area Locations*


https://www.eventsandadventures.com/　　Go

1,041 captures
9 Apr 1997 - 17 Mar 2020

DEC **MAR** APR
◀ **17** ▶
**2019** **2020** 2021

Dallas Singles Club

Denver Singles Club

Houston Singles Club

Minneapolis Singles Club

Phoenix Singles Club

San Francisco Singles Club

San Jose Singles Club

Seattle Singles Club

South Florida Singles Club

Vancouver Singles Club

## Get Out. Have Fun. Apply Now.

  

https://www.eventsandadventures.com/   Go

1,041 captures
9 Apr 1997 - 17 Mar 2020

DEC   **MAR**   APR
◀   **17**   ▶
2019   **2020**   2021

▼ About this capture

**BLOG**   **LOCATIONS**

ADVENTURES NORTHWEST, INC., A WASHINGTON CORPORATION, DBA EVENTS AND ADVENTURES. COPYRIGHT 2013-2017. ALL RIGHTS RESERVED. Privacy Policy

**EXHIBIT 2**



Tap To Call:





## GET STARTED

to join over 40,000 members meeting in 10 cities

First Name *

Last Name *

Email *

Phone *

**Home Club** *



- CHOOSE YOUR CITY -  ▾

SUBMIT

We meet all prospective members in person to let us get to know each other, and promote quality, safety & comfort for everyone.



## *San Francisco Singles – What are you doing this weekend?*

Don't spend another weekend on the couch with Netflix or commenting on your friends' social media posts. It's a New year! New friends! New fun! Make your 2020 New Year's resolution to join Events & Adventures! We are an invitation-only club of people like you spending time together and having fun. Let Events & Adventures do all the work for you. Make 2020 the year you get out, have fun, and just maybe meet that special someone!

Our address in San Francisco is 580 California St., Suite 1619, San Francisco , CA 94104



















### *Other Metro Areas Locations*

Chicago Singles Club,  Dallas Singles Club,  Denver Singles Club,  Houston Singles Club,  Minneapolis Singles Club,  Phoenix Singles Club,
San Francisco Singles Club,  San Jose Singles Club,  Seattle Singles Club,  South Florida Singles Club,  Vancouver Singles Club

**Get Out. Have Fun. Apply Now.**



## 4 Secrets to Meeting Someone

Our events are designed to make it easy to meet someone. No awkward one-on-one pressure, no games. Learn the 4 secrets.

*Hi! This was my first event and I had a great time – B ). I met a few people and am looking forward to my next event!!*

**Mauree in San Francisco**

Dueling Piano's at the Swingin Door

*This was a great event!! Lunch, music and unlimited wine were all provided in the cost of the ticket. It was a small select gathering and we all got to stomp grapes. The winery was beautiful and everyone was so helpful. Should definitely do this one again.*

**Dorie in San Francisco**

Grape Stomp at Madrigal Vineyards

*BEST. NIGHT. EVER. !!! So much fun running around in the dark, full of adrenaline and crazy competition! FUN!!!*

**Nadia in San Francisco**

Glow in the Dark Capture the Flag



## It's Time to Save the Date

Choose the events that you want to attend from a packed calendar of fun outings. Whatever you like, we have your event.

 

1 (888) 496-5368

**SINGLES NEAR ME**

HOME    CALENDAR    OUR STORY    HOW TO JOIN    MEMBER SIGN IN    BLOG

LOCATIONS



ADVENTURES NORTHWEST, INC., A WASHINGTON CORPORATION, DBA EVENTS AND ADVENTURES. COPYRIGHT 2013-2017, ALL RIGHTS RESERVED. Privacy Policy